**SONG HUI LIU, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 06–3399–ag.

United States Court of Appeals,
Second Circuit.

Aug. 7, 2007.

Gang Zhou, New York, N.Y., for Petitioner.

Paul I. Perez, United States Attorney, Middle District of Florida, Linda Julin McNamara, Judy K. Hunt, Assistant United States Attorneys, Tampa, FL, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

Petitioner Song Hui Liu, a native and citizen of China, seeks review of the June 20, 2006 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Hui Liu,* No. A78 186 869 (B.I.A. June 20, 2006), *aff'g* No. A78 186 869 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted).

In support of her adverse credibility determination, the IJ noted inconsistencies between Liu's testimony and the record with respect to the timing of his father's flight from Chinese authorities. These inconsistencies were "substantial" when measured against the record as a whole, in large part because that was the event that led to Liu's alleged arrest, detention, and beating at the hands of Chinese police. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). For similar reasons, it is clear that the IJ's finding was material to Liu's claim of persecution. *See Zhou Yun Zhang,* 386 F.3d at 74. Moreover, no reasonable fact-finder would be compelled to accept Liu's admittedly uncertain explanation of the apparent inconsistency. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Already believing Liu's testimony to be incredible, the IJ further noted that he failed to submit any evidence that would corroborate his claim that his father's factory had been shut down, or that he currently practices Falun Gong in the U.S. Because Liu's testimony was not otherwise credible, it was not improper for the IJ to base the adverse credibility determination in part on the absence of this evidence, which may have corroborated certain essential elements of his claim (notably, that he had a subjective basis to fear future persecution on account of his alleged support of Falun Gong). *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 341 (2d Cir.2006); *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

Ultimately, the IJ's adverse credibility determination was supported by "specific, cogent" reasons that bore a "legitimate nexus" to Liu's claims, and was therefore supported by substantial evidence. *Iouri v. Ashcroft,* 464 F.3d 172, 176 (2d Cir.2006) (citation omitted). Although the IJ's inference that Liu could not have been issued a birth certificate if he was wanted by police may have been unduly speculative, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 405 (2d Cir.2005), remand on that basis would be futile because, in light of the IJ's error-free findings, we can confidently predict that the agency would reach

the same conclusions absent this error. *Xiao Ji Chen*, 471 F.3d at 336–40.

Because Liu failed to establish past persecution due to his incredible testimony, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because Liu was properly found not credible—in part because he offered no corroboration of his alleged ongoing practice of Falun Gong—he has failed to show a subjective basis for a well-founded fear of future persecution. *Ramsameachire*, 357 F.3d at 183. Moreover, the IJ properly noted that Liu testified that members of his family remain in China unharmed, and found that this undermined his fear of future persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999). Accordingly, the IJ's denial of Liu's asylum application will not be disturbed.

Because the only evidence of a threat to Liu's life or freedom depended upon his credibility, the adverse credibility determination as to his asylum claim necessarily precludes success on his claim for withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006).

Finally, we lack jurisdiction to consider Liu's claim for CAT relief as he failed to exhaust it before the BIA, and we dismiss his petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).